UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ALFONSO ALVAREZ,

                Petitioner,                    Case No. 1:26-cv-877

v.                                       Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.      Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7.)

In an order entered on March 19, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the March 13, 2026, bond hearing on March 24, 2026. (Resp., ECF No. 5; Recording of Mar. 13, 2026, Bond Hearing, filed on Mar. 24, 2026.) Petitioner filed his reply on March 26, 2026, (ECF No. 6.).

**II.       Relevant Factual Background**

Petitioner is a citizen of Colombia who entered the United States in 2023. (Pet., ECF No. 1, PageID.4–5.) On December 27, 2025, Petitioner was arrested by ICE in Pompano Beach, Florida. (*Id.*, PageID.4.)

On December 29, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Alvarez v. U.S. Dep't of Homeland Security* (*Alvarez I*), No. 1:26-cv-618 (W.D. Mich.). In *Alvarez I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Alvarez I*, (W.D. Mich. Mar. 9, 2026), (ECF Nos. 10, 11.).

On March 13, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.5.) At that hearing, Petitioner argued that he was not a danger to the community or a flight risk because he had no criminal record, was employed, had started his own welding and construction business, had a sponsor, and had a pending asylum application. (*Id.*, PageID.4–5; Recording of Mar. 13, 2026, Bond Hearing at 1:39–4:42, 7:40–9:02, filed on Mar. 24, 2026.) Respondents argued that Petitioner was a flight risk as he did not have a stable address and that Petitioner and his sponsor did not live in the same city. (Recording of Mar. 13, 2026, Bond Hearing at 4:43–7:18, filed on Mar. 24, 2026.) At the conclusion of the March 13, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating:

An Immigration Judge can properly deny bond based on flight risk where the respondent recently arrived in the United States, has insufficient family or community ties to the country, no stable employment, no prior immigration status, and no probable path to obtaining lawful status, despite a pending asylum application and purported support from friends. Respondent's likelihood of success in being granted asylum or protection is a factor to be considered by this Court. The Respondent did not demonstrate a sufficient likelihood that he would be granted asylum.

Respondent entered the United States without permission or authorization. He has been present for a short period of time. Respondent has not maintained a long-term stable residence as he has lived in Colorado and Florida with multiple addresses in Florida. Respondent has no immediate family in the United States. In addition, Respondent's potential sponsor does not live in the same city as Respondent, and he too does not have a stable address based on the evidence presented to this Court. The evidence before this Court indicates Respondent does not have a sufficient likelihood of success on the merits of any application and likely is subject to circumvention of lawful pathways as to his application for asylum.

The Court denies Respondent's request for a change in custody status.

(Immigration Judge Order, ECF No. 1-1, PageID.11.)

## III.   Exhaustion

Respondents argue that the Court should deny Petitioner's request for habeas corpus relief because Petitioner has not exhausted his administrative remedies. Specifically, Respondents argue that Petitioner should pursue a bond hearing and, if necessary, appeal any unfavorable decision to the Board of Immigration Appeals.

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-

cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

## IV.   Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 13, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, the Immigration Judge applied a preponderance of the evidence standard to Respondents' evidence. As noted above, Respondents must meet their evidentiary burden by clear and convincing evidence to demonstrate dangerousness or a flight risk. *Soto-Medina*, 2026 WL 161002, at *2. Under these circumstances, the Court will grant Petitioner's § 2241 petition.

## V.   Proper Respondents

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the Detroit ICE Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the United States Attorney General as a Respondent in this matter.

## Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The

Court will order Respondents to provide Petitioner with an individualized bond hearing before a neutral immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. The Court will dismiss the United States Attorney General as a Respondent in this matter.

Dated:    April 16, 2026                            /s/ Jane M. Beckering
                                                    Jane M. Beckering
                                                    United States District Judge

5